UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BRIAN ALEXANDER LEON HAZZARD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-12-127 |
| § | |
| BANK OF AMERICA NA; fka § | |
| COUNTRYWIDE HOME LOANS § | |
| SERVICING, LP, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is the Defendant's "Motion to Dismiss for Failure to State a Claim & Brief in Support" (D.E. 4). For the reasons stated below, the Court finds that the Motion is well-taken and disposition is deferred for seven (7) days to permit Plaintiff an opportunity to amend his Complaint.

## JURISDICTION

This is a wrongful foreclosure action that was filed in the 94th Judicial District Court of Nueces County, Texas and was timely[1] removed to this Court. This Court has jurisdiction under the diversity jurisdiction provisions of 28 U.S.C. § 1332(a). Venue is appropriate under 28 U.S.C. § 1391(b).

---

[1] Pursuant to 28 U.S.C. § 1446(b), removal must be accomplished within 30 days of the date of service on Defendant of a removable pleading. The Defendant's Notice of Removal recites that it is timely because it was served on "March 9, 2012." D.E. 1, p. 4. The Notice of Removal was filed with this Court on April 27, 2012. D.E. 1. While it would appear that the removal was not timely, further investigation demonstrates that the service of summons was on April 9, 2012 and that the recitation of "March 9, 2012" was a clerical error. *E.g.*, D.E. 1-5.

## FACTS

Plaintiff Brian Alexander Leon Hazzard (Hazzard) purchased his home on Sky King Drive in Corpus Christi, Texas on April 23, 2004 with a loan in the amount of $66,400.00 from Countrywide Home Loans, Inc. Thereafter, Plaintiff defaulted on his loan and the property was sold at a foreclosure sale held February 7, 2012 to a buyer who paid $63,200.00. Hazzard has filed suit, seeking a determination that the foreclosure sale was illegal and void and that it be set aside. He further seeks a permanent injunction against the conduct complained of in this case, compensatory damages of not less than $500,000.00, along with exemplary damages, and the clearing of his credit history.

In his pleading, Hazzard complains that the Defendant, Bank of America, N.A. successor by Merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. (BANA) wrongfully foreclosed on his residential property because the Note secured by the subject Deed of Trust was owned by Federal National Mortgage Association (Fannie Mae). His argument is that the law, as well as the trusts created through Fannie Mae and other institutions through which Mortgage Participation Certificates are sold, provide that Fannie Mae must be the holder, owner, and possessor of both the notes and the security instruments. D.E. 1-2, p. 6. Thus his first argument is that the Note and Deed of Trust could not be separated.

He challenges the assignment of the Deed of Trust that was signed by Stephen C. Porter on the basis that Porter could not have been Secretary of Mortgage Electronic Registration Systems, Inc. (MERS) as he attests, but was rather Chief Litigation counsel for Barrett Daffin Frappier Turner & Engel, L.L.P. D.E. 1-2, p. 10. Hazzard further

asserts that Porter was not an officer of a company, specifically Countrywide Home Loans, Inc., that was a member of MERS and thus was not empowered to act on behalf of MERS in releasing or assigning any mortgage loan registered on the MERS System. D.E. 1-2, pp. 10-11. Likewise, Hazzard complains that MERS did not issue a Corporate Resolution certifying Porter to act as an officer of MERS. D.E. 1-2, p. 11. Hazzard's second argument is that any assignment on behalf of MERS signed by Porter is void or otherwise unenforceable.

In his action to quiet title, Hazzard claims that he remains the rightful owner of the subject property as against BANA because BANA had no interest in the property or the Deed of Trust and no right to conduct a foreclosure sale as set out in his previous arguments. He further seeks a declaratory judgment, temporary restraining order, and an injunction.

## DISCUSSION

BANA seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). According to documents of public record in the Nueces County, Texas deed records, Hazzard's Deed of Trust names MERS as the beneficiary and nominee for the original lender, Countrywide Home Loans, Inc. and its successors and assigns. D.E. 1-2, pp. 19-20. Hazzard granted permission for the note to be sold to other lenders and to be serviced by other loan servicers (D.E. 1-2, pp. 27-28) and granted MERS the right to foreclose and sell the property. D.E. 1-2, pp. 27-29. MERS assigned the Deed of Trust to BANA's predecessor in interest and BANA, with duly appointed substitute trustees, foreclosed the property. D.E. 1-2, p. 61.

Thus with respect to Hazzard's first argument that the note could not be separated from the Deed of Trust, BANA asserts that this rule does not apply because MERS was the beneficiary and nominee for both the originating lender and its successors and assigns. *Richardson v. CitiMortgage, Inc.*, No. 6:10-cv-119, 2010 WL 4818556, *5 (S.D. Tex. Nov. 22, 2010); *Eskridge v. Fed. Home Loan Mortgage Corp.*, No. 6:10-cv-00285-WSS, 2011 WL 2163989, *5 (W.D. Tex. Feb. 24, 2011).  Thus MERS as a mortgagee and BANA, as a mortgagee and/or mortgage servicer as defined by Chapter 51 of the Texas Property Code, were authorized to foreclose the lien on the subject property. *See* Tex. Prop. Code §§ 51.0001(3), 51.002, 51.0025.

More succinctly, a qualified mortgagee is not required to also own or hold the note that is associated with a deed of trust in order to properly foreclose the lien. *Kan v. OneWest Bank, FSB*, No. A-11-CA-381-SS, 2011 WL 5419693, *3-5 (W.D. Tex. Oct. 27, 2011).  Under Texas law, the right to recover a personal judgment for a debt secured by a lien is severable from the right to foreclose that lien. *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935); *Lazidis v. Goidl*, 564 S.W.2d 453, 456 (Tex. App.—Dallas 1978, no writ).

While Hazzard defends his pleading with citation to case law, the authorities he relies on are not Texas authorities and he does not argue any reason that his case law should be applied in Texas in the face of the above-referenced authorities, cited by BANA.  Hazzard also suggests that Fannie Mae's trust beneficiaries are entitled to enforce provisions whereby Fannie Mae is required to hold deeds of trust together with associated notes on all debt transactions it owns.  However, Hazzard does not plead or

prove that he is a Fannie Mae trust beneficiary and has thus failed to establish standing to raise this issue.  *E.g., Harvey v. Casebeer*, 531 S.W.2d 206, 208 (Tex. Civ. App.—Tyler 1975, no writ).  Hazzard has failed to state a claim upon which relief can be granted with respect to his first argument.

With respect to Hazzard's second argument, BANA asserts that Hazzard has not supplied affirmative evidence that Porter was not authorized to execute the assignment of the Deed of Trust on behalf of MERS.  Instead, Hazzard relies on the lack of evidence that he believes should be readily accessible on the internet if Porter were appropriately authorized.  In the context of a Rule 12(b)(6) motion, the non-conclusory factual allegations of Hazzard must be accepted as true, thus creating a fact issue.

However, BANA also attacks Hazzard's second argument with the assertion that Hazzard does not have standing to complain of Porter's authority to execute the assignment.  Under Texas law, absent circumstances not relevant here, assignments are contracts that are only enforceable by parties to the contract.  *See generally, Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam); *Univ. of Texas Med. Branch v. Allan*, 777 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1989, no writ); *Pagosa Oil and Gas, LLC v. Marrs and Smith Partnership*, No. 08-07-90, 2010 WL 450910, *4-5 (Tex. App.—El Paso, Feb. 10, 2010, pet. denied).

It follows, then, that Hazzard, as a nonparty to the mortgage assignment, does not have standing to contest it.  *E.g., Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. H-10-663, 2011 WL 3652194 (S.D. Tex. August 18, 2011); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-cv-504, 2011 WL 2200672, *5 (E.D. Tex. Apr. 28, 2011).

Hazzard has not asserted a claim upon which relief can be granted in connection with his second argument.

Because Hazzard's action to quiet title and request for declaratory or injunctive relief are based only upon the arguments that BANA has refuted, these claims cannot support continuation of this action. In his prayer, Hazzard alternatively seeks leave to amend his complaint. D.E. 5, p. 13. In the interest of justice, leave to amend is to be freely given. Fed. R. Civ. P. 15(a)(2); *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

For the reasons set out above, the Court finds that the Defendant's Motion to Dismiss (D.E. 4) is well-taken and disposition according to the Motion and the Court's foregoing opinion is deferred for seven (7) days. The Court ORDERS Hazzard to file his amended Complaint, if any amendment is appropriate under the law, on or before June 26, 2012. If Hazzard fails to file an amended Complaint or if any such amended Complaint fails to overcome the arguments set out above, this action or the claims addressed herein will be dismissed for failure to state a claim upon which relief can be granted.

ORDERED this 19th day of June, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE